UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

CHARLES PRINCIPE,

    Plaintiff

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff, CHARLES PRINCIPE (hereinafter "Principe"), hereby sues the Defendant, CELEBRITY CRUISES, INC. (hereinafter "Celebrity" or "the cruise line") and files this Complaint for Damages and says:

**THE PARTIES AND JURISDICTION**

1. This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. The Plaintiff, CHARLES PRINCIPE, is sui juris and is a citizen of Alhambra, California.

3. The Defendant, CELEBRITY CRUISES, (hereinafter "Celebrity"), is a Corporation authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject accident occurred.

4. The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b) Had an office or agency in this state and/or county; and/or

   c) Engaged in substantial activity within this state; and/or

   d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

6. **DATE OF THE INCIDENT**. The incident occurred on August 14, 2016.

7. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel Celebrity *Millennium*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred on Deck 10 near the exit of a restroom.

8. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

9. **DESCRIPTION OF THE INCIDENT.** The Celebrity *Millennium* is a vessel which was custom built to the specifications of Celebrity and was first christened on June 17, 2000. Celebrity participated in the ship's design and construction. The *Millennium* has a capacity for 2,138 passengers. The Celebrity *Millennium* is part of Celebrity's Millennium class, which also

includes the *Infinity, Summit,* and *Constellation*. Like all of Celebrity's ships, the *Millennium* has areas that are custom built to Celebrity's standards and that are enclosed by a combination of glass walls and glass doors.

10. *Millennium*'s Deck 10 has a restroom located right next to a glass wall. The glass wall does not have any decals, stickers, or other visual markers on it. The glass wall is located directly next to a glass door. The glass door leads directly outside to a promenade for persons to walk along the side of the ship. The glass wall is located in an area where people exiting the restroom can easily walk directly into it. The location, nature, and lack of visual markers on the glass wall create an optical illusion which makes it impossible for passengers such as Plaintiff to see the glass wall until they walk into it. The wall was unmarked, located right next to a glass door, and located right next to a restroom on August 14, 2016, when Plaintiff exited the restroom. Because of the design of the ship, the location of the restroom, the location of the glass wall, and the optical illusion that had been created by Defendant through its design of the ship and failure to place visual markers on the glass wall, Plaintiff turned right as he exited the restroom, was unable to see the glass wall, and walked directly into the glass wall. Because of the optical illusion, Plaintiff was not able to notice the presence of the glass wall until he walked into it.

11. Celebrity not only participated in the design and placement of the glass wall, Celebrity was responsible for maintaining the glass wall and the areas surrounding it. Maintaining the glass wall and the area surrounding it includes adhering decals or other visual markers to the glass wall to ensure passenger safety. Because it failed to adhere decals or other visual markers to the glass wall, Celebrity did not properly maintain the glass wall.

12. The collision with the glass wall caused Plaintiff to sustain injuries, namely a neck

injury and a large hematoma on his forehead. Plaintiff's neck injury has manifested itself in radiculopathy (pain caused by a compression or irritation of a nerve as it exits the spinal column) extending bilaterally (i.e., occurring on both sides of Plaintiff's body) from his neck down into his shoulders, arms, and fingers which continues to this day and is expected to continue in the future.

13. Due to prior similar incidents onboard the *Millennium* and Celebrity's other ships, Celebrity knew of the dangerous nature of the glass wall that Plaintiff walked into. Additionally, right after Plaintiff walked into the glass wall, a crew member stated that people "walk into that glass wall all the time."

14. Despite Celebrity's ample notice, both actual and constructive, of the dangerous nature of the glass wall and despite the fact that Celebrity created this dangerous condition by (a) failing to place warning signs near the glass wall, (b) failing to put stickers or other visual markers on the glass wall, (c) failing station a crewmember near the glass wall to warn passengers of the danger, and (d) failing to choose a ship design that would not allow this dangerous condition to occur. Accordingly, Celebrity is guilty of negligence and negligent maintenance.

## COUNT I: NEGLIGENCE

15. The Plaintiff, CHARLES PRINCIPE, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 14, above.

16. **DUTIES OWED BY THE DEFENDANT**. The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein.  See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall 411, 71 U.S. 411, 18 L. Ed. 397 (1866); *Carlisle v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985).  The Defendant also owed a "duty to exercise reasonable care under

4

the circumstances." See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). *Vierling v. Celebrity Cruises*, 339 F. 3d 1309, 1319-20 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F. 2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F. 2d 975 (2d Cir. 1936); *Samuelov v. Carnival,* 870 So. 2d 853 (Fla. 3d DCA 2004); and *Chan v. Society Expeditions*, 123 F. 3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. Carnival Corporation,* 2013 WL 1024257 (S.D. Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F. 3d 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v. Carnival Corporation,* 2013 WL 1024257 (S.D. Fla.), citing *Vierling v. Celebrity Cruises, Inc.*, 339 F. 3d 1309, 1319 (11th Cir. 2003).

17. Celebrity breached those duties and was negligent by (a) failing to place warning signs near the glass wall, (b) failing to place stickers or other visual markers on the glass wall, (c) failing station a crewmember near the glass wall to warn passengers of the danger, (d) failing to choose a ship design that would not allow this dangerous condition to occur, (e) failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence; and by failing to comply with applicable industry standards, statutes,

and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

18. Celebrity created an unreasonably dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

19. Celebrity either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

20. Celebrity had constructive knowledge of the dangerous condition by, *inter alia*, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed throughout the ship and was apparent to any Celebrity employee who worked on the ship, especially to those in the maintenance department and housekeeping; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

21. In the alternative, notice to the Defendant is not required because the Defendant created the dangerous condition and as alleged above is guilty of negligent maintenance.

22. The Defendant's negligence proximately caused the injuries and damages to the Plaintiff in the past and in the future.  Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past; and lost income and income earning capacity in the future.  Those injuries and damages also

include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey*
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*